THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
4328 Redwood Hwy, Suite 300
San Rafael, CA 94903
Telephone:     415/674-8600
Facsimile:     415/674-9900

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA RAMIREZ and DAREN HEATHERLY,<br><br>      Plaintiffs,<br><br>v.<br><br>SAM'S FOR PLAY CAFE; DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ,<br><br>      Defendants.<br>_____ | CASE NO.  CV-11-1370-JSW<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER RE PLAINTIFFS' LEAVE TO FILE FIRST AMENDED COMPLAINT** |

**IT IS HEREBY STIPULATED** by and through the parties respective counsel in the above-mentioned case that plaintiffs IRMA RAMIREZ and DAREN HEATHERLY may file the [Proposed] First Amended Complaint hereto as exhibit "A."

    1.    **WHEREAS**, the parties have agreed to allow plaintiffs leave to file the [Proposed] First Amended Complaint attached as Exhibit "A" to comport with current case law.

///

1    **IT'S SO STIPULATE** that plaintiff's IRMA RAMIREZ and DAREN HEATHERLY be

2    permitted to file the First Amend Complaint to comport with current case law and that the

3    Answer that was filed on May 26, 2011, by defendants DARLEEN SAM ANKER, TRUSTEE,

4    THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an

5    individual dba SAM'S FOR PLAY CAFÉ be deemed defendants DARLEEN SAM ANKER,

6    TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM

7    ANKER, an individual dba SAM'S FOR PLAY CAFÉ's Answer to the First Amended

8    Complaint.

9                                          Respectfully Submitted,

10   Dated: August 17, 2012               THOMAS E. FRANKOVICH,
                                          *A PROFESSIONAL LAW CORPORATION*
11

12                                        By:    /s/Thomas E. Frankovich

13                                               Thomas E. Frankovich

14                                         Attorney for Plaintiff IRMA RAMIREZ; and

15                                        DAREN HEATHERLY

16

17

18   Dated: Aug. 17 , 2012               **PERRY, JOHNSON, ANDERSON, MILLER &**

19                                        **MOSKOWITZ LLP,**

20

21

22                                        By:

23                                               Scott A. Lewis

24                                        Attorneys for Defendants DARLEEN SAM
                                          ANKER, TRUSTEE, THE D. SAM ANKER
25                                        TRUST, dated March 14, 2008; and DARLEEN
                                          SAM ANKER, an individual dba SAM'S FOR
26                                        PLAY CAFÉ

27   ///
     ///
28   ///

STIPULATION AND [PROPOSED] ORDER RE PLAINTIFFS' LEAVE TO FILE FIRST AMENDED COMPLAINT                    2

## **ORDER**

Pursuant to the parties' stipulation, **IT IS ORDERED** that plaintiffs IRMA RAMIREZ and DAREN HEATHERLY may file a First Amended Complaint to comport with current case law and that the initial Answer filed on May 26, 2011, by defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ may serve as defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ's Answer to the First Amended Complaint.

Dated: _August 21_____, 2012     _____

HONORABLE JEFFREY S. WHITE
United States District Judge

# EXHIBIT "A"

THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorney for Plaintiffs
IRMA RAMIREZ and DAREN HEATHERLY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA RAMIREZ and DAREN HEATHERLY, <br><br> Plaintiffs, <br><br> v. <br><br> SAM'S FOR PLAY CAFE; DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ, <br><br> Defendants. | **CASE NO. CV-11-1370-JSW** <br><br> **Civil Rights** <br><br> **[PROPOSED] FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** <br><br> **1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*) <br><br> **2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3 <br><br> **3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.* <br><br> **4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act) <br><br><br> **DEMAND FOR JURY** |

Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY, complain of defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ and allege as follows:

**INTRODUCTION:**

1.  This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and the disability community are members, for failure to remove architectural barriers structural in nature at defendants' SAM'S FOR PLAY CAFE, a place of public accommodation, thereby discriminatorily denying each plaintiff and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Each plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.  Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a person with physical disabilities who, on or about June 19, 2008, June 23, 2008, July 22, 2008, October 30, 2010, November 3, 2010, November 26, 2010 and February 3, 2011, was an invitee, guest, patron, customer at defendants' SAM'S FOR PLAY CAFE, in the City of Santa Rosa, California.  At said times and place, defendants failed to provide proper legal access to the cafe, which is a "public accommodation" and/or a "public facility" including, but not limited to signage, parking, entrances, men's restroom and women's restroom.  The denial of access was in violation of both federal and California legal requirements, and plaintiff IRMA RAMIREZ  and plaintiff DAREN HEATHERLY each suffered violation of his/her civil rights to full and equal access, and was embarrassed and humiliated.

///
///
///

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; California Building Code.

4.     **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 1024 Sebastopol Road, in the City of Santa Rosa, County of Sonoma, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.     Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each  is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").   Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff IRMA RAMIREZ suffers from Post-Polio syndrome.  Plaintiff IRMA RAMIREZ relies primarily on a wheelchair as her ambulance to travel about in public.  Plaintiff DAREN HEATHERLY is afflicted with Multiple Sclerosis and a left hip replacement.

///

///

///

Plaintiff DAREN HEATHERLY relies primarily on a wheelchair as his ambulance to travel about in public.  Consequently, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

      6.   **DEFINITIONS:**

        a.   **ADAAG** - The Americans with Disabilities Act Accessibility Guidelines of 1990; and The Americans with Disabilities Act Accessibility Guidelines 2010 revision. (Used where applicable).

        b.   **ARCHITECTURAL BARRIERS** - Architectural barriers are physical features that limit or prevent people with disabilities from obtaining the goods or services that are offered.  They can include but are not limited to the following examples:  parking spaces that are too narrow to accommodate people who use wheelchairs; a step or steps at the entrance or to part of the selling space of a store; round doorknobs or door hardware that is difficult to grasp; aisles that are too narrow for a person using a wheelchair; electric scooter, or a walker; a high counter or narrow checkout aisles at a cash register, and fixed tables in eating areas that are too low to accommodate a person using a wheelchair or that have fixed seats that prevent a person using a wheelchair from pulling under the table. Excerpted from the *"ADA Guide for Small Businesses"* with an interlineation modification. http://www.ada.gov/smbustxt.htm.

///
///
///
///

c. **ELEMENTS -** An architectural or mechanical component of a building, facility, space, or site (e.g., telephone, curb ramp, door, flush valve, drinking fountain, seating, or water closet, toilet seat, dispensers) and/or placement or lack thereof.

d. **CATEGORICAL ARCHITECTURAL BARRIERS -** Are elements and facilities which are, or can be architectural barriers standing alone or in combination with one another where the element(s)/facility(s) is/are noncomplying or where the combination thereof creates a category. For example: such as a parking lot, entrance, restroom, lobby, guest room, dining area.

e. **PHYSICAL FEATURES** - Are synonymous with "Elements."

f. **FACILITY -** All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

g. **ENTRANCE -** Any access point to a building or portion of a building or facility used for the purpose of entering. An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s) , and the hardware of the entry door(s) or gate(s).

h. **CLEAR FLOOR SPACE -** The minimum unobstructed floor or ground space required to accommodate a singe, stationary wheelchair and occupant.

i. **ACCESSIBLE ROUTE -** A continuous unobstructed path connecting all accessible elements and spaces of a building or facility. Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures. Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

///

j.    **ACCESSIBLE SPACE/PATH OF TRAVEL -** Space that complies with ADAAG guidelines.

k.    **NON COMPLYING -** Not complying with ADAAG and/or the "Readily Achievable Standard" of CFR 34.306.

7.    Defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as SAM'S FOR PLAY CAFE, located at/near 1024 Sebastopol Road, Santa Rosa, California, or of the building and/or buildings which constitute said public accommodation.

8.    At all times relevant to this complaint, defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ, own and operate in joint venture the subject SAM'S FOR PLAY CAFE as a public accommodation. This business is open to the general public and conducts business therein. The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

///
///
///
///
///
///
///
///
///
///

9.     At all times relevant to this complaint, defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ are jointly and severally responsible to identify and remove architectural barriers at the subject SAM'S FOR PLAY pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201       General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

10.     The SAM'S FOR PLAY CAFE, is a restaurant, located at/near 1024 Sebastopol Road, Santa Rosa, California 95407.  The SAM'S FOR PLAY CAFE, its signage, parking, entrances, men's restroom and women's restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the SAM'S FOR PLAY CAFE and each of its facilities, its signage, parking, entrances, men's restroom and women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the California Building Code.

11.     On or about the year of 2001, defendants' and each of them purchased and/or took possessory control of the premises now known as SAM'S FOR PLAY CAFE.  At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that SAM'S FOR PLAY CAFE was not accessible to the disabled.  Nevertheless, defendants' and each of them, operated the café as though it was accessible.

12. At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

13. At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the SAM'S FOR PLAY CAFÉ as being handicapped accessible and handicapped usable.

14. On or about June 19, 2008, June 23, 2008, July 22, 2008, October 30, 2010, November 3, 2010, November 26, 2010 and February 3, 2011, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was an invitee and guest at the subject SAM'S FOR PLAY CAFÉ, for purposes of having food and beverage. Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY are married to one another.

15. On or about June 19, 2008, June 23, 2008, July 22, 2008, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY patronized SAM'S FOR PLAY. On each date, each plaintiff encountered a parking lot without proper signage nor parking stalls for the disabled.

16. At said times and place, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY needed to use the women's and men's restrooms. Plaintiff IRMA RAMIREZ while being able to squeeze through the narrow doorway, encountered many inaccessible elements within the restroom. Plaintiff DAREN HEATHERLY struggled to get through the narrow doorway and banged parts of his body attempting to enter and exit the men's restroom. Plaintiff DAREN HEATHERLY also encountered many elements of the men's restroom which constituted architectural barriers.

///
///
///
///
///

17.     On or about September 5, 2008, plaintiff IRMA RAMIREZ wrote both the landlord and tenant about the access issues.  Plaintiff IRMA RAMIREZ wrote:

> "My husband and I have been to Sam's For Play.  We both use wheelchairs.  We both have problems at the restaurant.  Daren has more problems.  The tables are so close together that you can't roll between them.  You don't have van accessible parking so we have a real problem putting down our ramp and not being trapped by a car pulling alongside.  The restrooms also need to be more accessible.  For example, the men's restroom door is so narrow that Daren gets banged up trying to get in out in his power chair. I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months.  I'd like a written agreement.  If you cannot do this would you forward my letter to whomever is in charge.  We'd like to come back to Sam's For Play once it's accessible to us.  If there is some problem doing this please let me know.  Would you please reply to my letter by FedEx to make sure I get your response? I found out who might be able to help you.  If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center.  You can write to them at Pacific Disability and Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA  94607-4046.  You can also get a hold of them at 1-800-949-4232 (V/TTY) or (510) 285-5600 (V/TTY).  Their website is www.pacdbtac.org.  You can also get ADA Regulations and Technical Assistance Materials by calling 1-800-514-0301 or go to www.usdoj.gov/crt/ada/adahom1.htm. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.  You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them. I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal.  You can get information on this from the two places I mentioned above.  You should talk to your accountant about it.  Maybe your account already has this information or knows about it. Thank you for considering my request."

Plaintiff IRMA RAMIREZ did not receive a response.

18.     On or about October 30, 2010, November 3, 2010, November 26, 2010 and February 3, 2011, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY returned to SAM'S FOR PLAY.  On each of said occasion, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY drove into the parking lot of SAM'S FOR PLAY.  Plaintiffs encountered the following architectural barriers and as a result had the following adverse experiences:

•       Lack of van accessible parking and signage.

As a legal result, each plaintiff experienced anxiety and worry because once their lift was deployed and each exited the van as they did, it would be difficult/not possible to return  to their van and enter it if a vehicle parking alongside of it on the right side.   No remedial work had been done.

19.     In the interim, between November 26, 2010 and February 3, 2011, and on or about December 15, 2010, plaintiff IRMA RAMIREZ again wrote the landlord and tenant concerning access issues.  She wrote:

> "You probably don't remember us.  I wrote you about two years ago about wheelchair access. Recently my husband and I have been back at Sam's to eat.  The food is good.  There is a lot of it.  The prices are fair.  But, big but there are still some problems.  They don't make the experience as good as could be.  There is still a parking problem.  The parking stall in the corner does not have cross striping and no parking written on the ground.  A motorcycle could block you in.  Also it is uneven.  So when you deploy the ramp it does not lay flat.  That creates a problem.  Next, 2 years ago I didn't have a power chair.  I could get into the women's restroom.  Now, it's really hard because the door is too narrow.  Two years ago, I explained how it was a problem for my husband, Daren.  He also uses a power chair and gets banged up trying to get in the men's restroom. Anyway, I told you about these kind of problems two years ago.  So I think you need to really look into this and solve the problems.  I don't think any are really difficult to do.  Don't think they would be costly.  You get a lot of seniors and doing this would be good for everyone.  I thought the landlord and the tenant should know about this.  That's why I wrote this identical letter to both of you.  It's like letting the right hand know what the left hand is doing!  If you both put your heads and hands together, I know the two of you can fix this problem.
> You need to learn what needs to be done and do it now. So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access then you will know what to look at and what needs to be done.

[PROPOSED] FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     CASE NO. CV-11-1370-JSW

10

Much of the work can be done by a handyman. Also, look into the $10,000 tax credit for providing access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!"

20. On or about February 3, 2011, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY again returned to SAM'S FOR PLAY. Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY placed a take-out order. Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY encountered the same noncompliant parking stall(s). Plaintiff DAREN HEATHERLY picked up the food order and upon returning to plaintiffs' van, he went to the restroom. No remedial changes had been made to the men's restroom.

21. On or about October 30, 2010, November 3, 2010, November 26, 2010 and February 3, 2011, plaintiff IRMA RAMIREZ returned to SAM'S FOR PLAY. On each of said occasion, plaintiff IRMA RAMIREZ encountered the following architectural barriers and as a result had the following adverse experiences:

• Plaintiff IRMA RAMIREZ encountered a noncompliant women's restroom, to wit:

        i.     narrow door;

        ii.    short rear grab bar;

        iii.   too highly placed toilet seat cover; and

        iv.   lack of a lavatory with mounting to allow wheelchair(s) to go underneath and other inaccessible elements.

As a legal result, it was difficult for plaintiff IRMA RAMIREZ to pass through the narrow doors, transfer to the toilet, reach the dispenser(s) and wash her hands.

///

///

///

[PROPOSED] FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    CASE NO. CV-11-1370-JSW

22.     On or about October 30, 2010, November 3, 2010, November 26, 2010 and February 3, 2011, plaintiff DAREN HEATHERLY returned to SAM'S FOR PLAY.  On each of said occasion, plaintiff DAREN HEATHERLY encountered the following architectural barriers and as a result had the following adverse experiences:

•       Plaintiff DAREN HEATHERLY encountered a noncompliant men's restroom, to wit:

i.      narrow door;

ii.     short rear grab bar;

iii.    too highly placed toilet seat cover; and

iv.     lack of a lavatory with mounting to allow wheelchair(s) to go underneath and other inaccessible elements.

As a legal result, it was difficult for plaintiff DAREN HEATHERLY to pass through the narrow doors, transfer to the toilet, reach the dispenser(s) and wash her hands.

23.     Therefore, at said time(s) and place, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY, each a person with a disability, encountered the following inaccessible elements of the subject SAM'S FOR PLAY, which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

a.      lack of directional signage to show accessible routes of travel, i.e. entrance(s)

b.      lack of disabled van accessible parking stall(s);

c.      lack of (proper) disabled parking signage;

d.      lack of tow-a-way signage;

e.      lack of an accessible entrance(s);

f.      lack of a handicapped-accessible women's public restroom;

g.      lack of a handicapped-accessible men's public restroom; and

h.      On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

24. Specific architectural barriers encountered by plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY at said time(s) and place herein in addition to categorical architectural barriers stated herein and the respective difficulties experienced by plaintiff as stated herein, the barriers include but are not limited to:

**PARKING**

- no disabled parking signage;
- no van accessible parking stall(s) and access aisle(s);

**DINING**

- lack of accessible outside dining;

**RESTROOMS**

- noncomplying men's and women's restrooms;
- no International Symbol of Accessibility (ISA) signage;
- narrow door(s);
- toilet that is not usable as whole or in part;
- noncomplying grab bar(s); and
- insufficient clear space under lavatories.

Therefore, as a legal result of encountering each of said elements, plaintiff(s) experienced, stress, strain, difficulty, and discomfort to his/her upper extremities in attempting to and/or using said elements also causing anxiety, disappointment, and embarrassment.

25. At all time(s) as stated herein, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY encountered architectural barrier(s) as stated herein and/or had personal knowledge of said barrier(s) and knew it would be a futile gesture to attempt to overcome it/them because of his/her disability.

26. At all time(s) and place, each architectural element as stated herein that did not strictly comply with or substantially comply with the ADAAG minimum requirements constituted an architectural barrier which precluded plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY from full and equal opportunities afforded to non disabled persons to the goods and services of SAM'S FOR PLAY.

27.    Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY were and are deterred from returning to SAM'S FOR PLAY so long as architectural barrier(s) complained of that he/she encountered, as stated herein are not ADAAG compliant.

28.    At said time(s) and place, when plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY encountered the architectural barriers as stated herein, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY in attempting to overcome the barriers to gain access experienced any one or combination of physical difficulty, discomfort, embarrassment, stress, strain, fatigue, anger, annoyance and disappointment. This arose from plaintiffs' physical inability to effectively use his/her upper extremities to easily overcome the architectural barriers as stated herein.  This constitutes a denial of full and equal access to the subject public accommodation and a denial of the opportunity to independently enjoy and participate in the opportunities, goods and services offered to non disabled persons and patrons, invitees and guests.

29.    Said architectural barrier(s) as stated herein deprived and deterred plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY the same full and equal access that a non wheelchair user/non disabled person would enjoy while engaging in the goods, service and opportunities offered at the subject SAM'S FOR PLAY.

30.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

31.    On or about September 5, 2008 and December 15, 2010, defendant(s) were sent four (4) letters by or on behalf of plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY advising of their need to take immediate action to remove architectural barriers and requesting a written response upon receipt of his/her letter, promising to immediately remove the barriers and providing a date when that would be accomplished.  Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

32.     At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff IRMA RAMIREZ from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.

33.     At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff DAREN HEATHERLY from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.

34.     As a legal result of defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to each plaintiff  and other persons with disabilities, each plaintiff suffered the damages as alleged herein.

35.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§51, 52, 54, 54.1, 54.3, *et seq.*

36.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§51, 52, 54, 54.1, 54.3, *et seq.*

///
///
///
///

37.     Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

38.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY harm as stated herein.

39.     Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was denied his/her rights to equal access to a public facility by defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ, because defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to signage, parking, entrances, men's restroom and women's restroom, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to each plaintiff and other persons with physical disabilities in these and other ways.

40.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

41. On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and California Building Code.

42. On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

43. Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §51, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as pled herein. Plaintiffs seek an order from this court compelling defendants to make the SAM'S FOR PLAY accessible to persons with disabilities.

44. Each plaintiff, as described hereinbelow, seeks injunctive relief to require the SAM'S FOR PLAY to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the SAM'S FOR PLAY as a public facility.

45. Plaintiff(s) believes that even with service of the summons and complaint on defendant(s) and each of them, that defendant(s) will not , under their "continuing obligation" immediately undertake remedial action to identify and remove architectural barriers.

///

///

///

///

///

///

///

///

///

46.     Each plaintiff seeks damages for violation of his/her civil rights for each of their respective visits on June 19, 2008, June 23, 2008, July 22, 2008, October 30, 2010, November 3, 2010, November 26, 2010 and February 3, 2011 and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his/her visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY from returning to the subject public accommodation because of his/her knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

47.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

48.     Because of defendants' violations, each plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Each plaintiff seeks an order from this court compelling defendants to make the SAM'S FOR PLAY CAFÉ accessible to persons with disabilities.

49.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and California Building Code.

///
///
///
///

1    The acts and omission of defendants, and each of them, in failing to provide the required

2    accessible public facilities at the time of each plaintiff's visit and injuries, indicate actual and

3    implied malice toward each plaintiff, and despicable conduct carried out by defendants, and

4    each of them, with a willful and conscious disregard for the rights and safety of each plaintiff

5    and other similarly situated persons, and justify a trebling of damages as provided by Civil

6    Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of

7    them, to other operators and landlords of other cafes  and other public facilities, and to punish

8    defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

9        50.    Each plaintiff is informed and believes and therefore alleges that defendants

10   DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14,

11   2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ, and

12   each of them, caused the subject building(s) which constitute the SAM'S FOR PLAY CAFÉ

13   to be constructed, altered and maintained in such a manner that persons with physical

14   disabilities were denied full and equal access to, within and throughout said building(s) of the

15   SAM'S FOR PLAY  and were denied full and equal use of said public facilities.

16   Furthermore, on information and belief, defendants have continued to maintain and operate

17   said café and/or its building(s) in such conditions up to the present time, despite actual and

18   constructive notice to such defendants that the configuration of SAM'S FOR PLAY and/or

19   its building(s) is in violation of the civil rights of persons with physical disabilities, such as

20   plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and other members of the

21   disability community.  Such construction, modification, ownership, operation, maintenance

22   and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health

23   and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

24   ///

25   ///

26   ///

27   ///

28   ///

51.     On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the SAM'S FOR PLAY CAFÉ  and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as each plaintiff, includes, but is not limited to, communications with invitees and guests, plaintiff IRMA RAMIREZ herself, sponsors of conferences owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state and federal law, to make the SAM'S FOR PLAY accessible is further evidence of defendants' conscious disregard for the rights of plaintiffs and other similarly situated persons with disabilities.  Despite being informed of such effect on each plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for each plaintiff and other persons with physical disabilities to the SAM'S PLAY CAFE.  Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of each plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of each plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

///

52.     Plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and the disability community, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

**I.      FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101,** *et seq.***)**
(On behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ, inclusive)
(42 U.S.C. §12101, *et seq.*)

53.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 52 of this complaint.

54.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

55.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

56. As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for purposes of this title was:

> (7)  PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
>     (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

57. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

///
///
///
///
///
///
///
///
///
///
///
///
///
///

58.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii)   a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of each plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

///

///

59.     The removal of the barriers complained of by plaintiffs as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of SAM'S FOR PLAY pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

60.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Each plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiffs complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

61.     On information and belief, construction work on, and modifications of, the subject building(s) of SAM'S FOR PLAY CAFÉ occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

62.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as each plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302.

///

///

1    Each plaintiff is deterred from returning to or making use of the public facilities complained

2   of herein so long as the premises and defendants' policies bar full and equal use by persons

3   with physical disabilities.

4        63.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person

5   with a disability to engage in a futile gesture if such person has actual notice that a person or

6   organization covered by this title does not intend to comply with its provisions." Pursuant to

7   this section, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each has not

8   returned to defendants' premises since on or about February 3, 2011, but on information and

9   belief, alleges that defendants have continued to violate the law and deny the rights of each

10  plaintiff and of other persons with physical disabilities to access this public accommodation.

11  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive

12  relief shall include an order to alter facilities to make such facilities readily accessible to and

13  usable by individuals with disabilities to the extent required by this title."

14       64.    Each plaintiff seeks relief pursuant to remedies set forth in §204(a) of the

15  Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations

16  adopted to implement the Americans with Disabilities Act of 1990, including but not limited

17  to an order granting injunctive relief and attorneys' fees. Each plaintiff will seek attorneys'

18  fees conditioned upon being deemed to be the prevailing party.

19  **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL
        ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND
20      54.3, ET SEQ.**
        (On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and
21      Against Defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER
        TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba
22      SAM'S FOR PLAY CAFÉ, inclusive)
        (California Civil Code §§54, 54.1, 54.3, *et seq.*)
23

24       65.    Plaintiffs replead and incorporate by reference as if fully set forth again herein,

25  the allegations contained in paragraphs 1 through 64 of this complaint.

26  ///

27  ///

28  ///

66.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

67.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

68.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

69.     Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.

///

Each plaintiff has been and continue to be denied full and equal access to defendants' SAM'S FOR PLAY CAFE. As a legal result, each plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he/she visited or have been deterred from visiting the cafe because of his/her knowledge and belief that the subject cafe is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

> Civil Code §54.3(a)

70. On or about October 30, 2010, November 3, 2010, November 26, 2010 and February 3, 2011, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY on each of their respective visits as stated herein suffered violations of Civil Code §§54 and 54.1 in that plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was denied access to signage, parking, entrances, men's restroom and women's restroom and other public facilities as stated herein at the SAM'S FOR PLAY CAFÉ and on the basis that plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was a person with physical disabilities.

71. As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

72.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

73.     Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to each plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against each plaintiff on the sole basis that each plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

74.     Each plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of each plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about October 30, 2010, November 3, 2010, November 26, 2010 and February 3, 2011, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

75.     As a result of defendants', and each of their, acts and omissions in this regard, each plaintiff has been required to incur legal expenses and hire attorneys in order to enforce each plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Civil Code §54.3, each plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

**III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955,** *ET. SEQ.*
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ, inclusive)
(Health & Safety Code §19955, *et seq.*)

76.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 75 of this complaint.

77.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

78.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.

///
///
///
///

1   On information and belief, portions of the SAM'S FOR PLAY CAFÉ and/or of the

2   building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the

3   subject café and/or the building(s) had alterations, structural repairs, and/or additions made to

4   such public accommodations after July 1, 1970, thereby requiring said cafe and/or building to

5   be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon

6   such alteration, structural repairs or additions per Health & Safety Code §19959.

7        79.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the

8   State Architect promulgated regulations for the enforcement of these provisions.  Effective

9   July 1, 1982, Title 24 of the California Building Standards Code adopted the California State

10   Architect's Regulations and these regulations must be complied with as to any alterations

11   and/or modifications of SAM'S FOR PLAY and/or the building(s) occurring after that date.

12   Construction changes occurring prior to this date but after July 1, 1970 triggered access

13   requirements pursuant to the "ASA" requirements, the American Standards Association

14   Specifications, A117.1-1961.  On information and belief, at the time of the construction and

15   modification of said building, all buildings and facilities covered were required to conform to

16   each of the standards and specifications described in the American Standards Association

17   Specifications and/or those contained in the California Building Code.

18        80.    Cafes such as the SAM'S FOR PLAY are "public accommodations or

19   facilities" within the meaning of Health & Safety Code §19955, *et seq.*

20        81.    As a result of the actions and failure to act of defendants, and as a result of the

21   failure to provide proper and legally handicapped-accessible public facilities, each plaintiff

22   was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of

23   each plaintiff's civil rights and each plaintiff's rights as a person with physical disabilities to

24   full and equal access to public facilities.

25

26

27

28

82. Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, each plaintiff has been required to incur legal expenses and hire attorneys in order to enforce each plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in each plaintiff's own interests and in order to enforce an important right affecting the public interest. Each plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Each plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, each plaintiff will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Each plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

83. Each plaintiff seeks injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

**IV. FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ, inclusive)
(Civil Code §51, 51.5)

84. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 83 of this complaint.

///
///
///
///
///

85. Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

///

///

///

///

86. The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.
>
> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

87. Defendants' acts and omissions as specified have denied each plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Each plaintiff accordingly incorporates the entirety of his/her above cause of action for violation of the Americans with Disabilities Act at ¶53, *et seq.*, as if repled herein.

88. As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

89.   As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

90.   Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to each plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against each plaintiff on the sole basis that each plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

91.   Plaintiff IRMA RAMIREZ and plaintiff IRMA RAMIREZ are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///
///
///
///
///
///
///
///
///

[PROPOSED] FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    CASE NO. CV-11-1370-JSW

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff IRMA RAMIREZ, and Against Defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.    For injunctive relief, compelling defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ, inclusive, to make the SAM'S FOR PLAY CAFE, located at 1024 Sebastopol Road, Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against  Defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ, inclusive, to make the SAM'S FOR PLAY CAFE, located at 1024 Sebastopol Road, Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.     Treble damages pursuant to Civil Code §54.3;

5.     General damages according to proof;

6.     For all costs of suit;

7.     Prejudgment interest pursuant to Civil Code §3291; and

8.     Such other and further relief as the court may deem just and proper.

**III.     PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ, inclusive)
(Health & Safety code §19955, *et seq.*)

1.     For injunctive relief, compelling defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ, inclusive, to make the SAM'S FOR PLAY CAFE, located at 1024 Sebastopol Road, Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.     For all costs of suit;

4.     For prejudgment interest pursuant to Civil Code §3291;

5.     Such other and further relief as the court may deem just and proper.

///

///

///

**IV. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendants DARLEEN SAM ANKER, TRUSTEE, THE D. SAM ANKER TRUST, dated March 14, 2008; and DARLEEN SAM ANKER, an individual dba SAM'S FOR PLAY CAFÉ, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2. Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3. General damages according to proof;

4. Treble damages pursuant to Civil Code §52(a);

5. For all costs of suit;

///
///
///
///
///
///
///
///
///
///
///
///
///

6.    Prejudgment interest pursuant to Civil Code §3291; and

7.    Such other and further relief as the court may deem just and proper.

Dated: July 26, 2012                THOMAS E. FRANKOVICH,
                                    *A PROFESSIONAL LAW CORPORATION*


                                    By: ___/s/Thomas E. Frankovich_____

                                        THOMAS E. FRANKOVICH
                                    Attorney for Plaintiff IRMA RAMIREZ and Plaintiff
                                    DAREN HEATHERLY,

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.


Dated: July 26, 2012                THOMAS E. FRANKOVICH,
                                    *A PROFESSIONAL LAW CORPORATION*


                                    By: ___/s/Thomas E. Frankovich_____

                                        THOMAS E. FRANKOVICH
                                    Attorney for Plaintiff IRMA RAMIREZ and Plaintiff
                                    DAREN HEATHERLY

# EXHIBIT "A"

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

September 5, 2008

Manager
Sam's For Play
1024 Sebastopol Rd.
Santa Rosa, CA 95407

Dear Manager of Sam's For Play:

My husband and I have been to Sam's For Play. We both use wheelchairs. We both have problems at the restaurant. Daren has more problems. The tables are so close together that you can't roll between them. You don't have van accessible parking so we have a real problem putting down our ramp and not being trapped by a car pulling alongside. The restrooms also need to be more accessible. For example, the men's restroom door is so narrow that Daren gets banged up trying to get in out in his power chair.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. We'd like to come back to Sam's For Play once it's accessible to us. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA 94607-4046. You can also get a hold of them at 1-800-949-4232 (V/TTY) or (510) 285-5600 (V/TTY). Their website is www.pacdbtac.org. You can also get ADA Regulations and Technical Assistance Materials by calling 1-800-514-0301 or go to www.usdoj.gov/crt/ada/adahom1.htm. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Irma Ramirez

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

September 5, 2008

Owner of Building
Sam's For Play
1024 Sebastopol Rd.
Santa Rosa, CA 95407

Dear Owner of Building for Sam's For Play:

My husband and I have been to Sam's For Play. We both use wheelchairs. We both have problems at the restaurant. Daren has more problems. The tables are so close together that you can't roll between them. You don't have van accessible parking so we have a real problem putting down our ramp and not being trapped by a car pulling alongside. The restrooms also need to be more accessible. For example, the men's restroom door is so narrow that Daren gets banged up trying to get in out in his power chair.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. We'd like to come back to Sam's For Play once it's accessible to us. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA 94607-4046. You can also get a hold of them at 1-800-949-4232 (V/TTY) or (510) 285-5600 (V/TTY). Their website is www.pacdbtac.org. You can also get ADA Regulations and Technical Assistance Materials by calling 1-800-514-0301 or go to www.usdoj.gov/crt/ada/adahom1.htm. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Irma Ramirez

Irma Ramirez

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

December 15, 2010

Manager
Sam's For Play
1024 Sebastopol Rd.
Santa Rosa, CA 95407

Dear Manager of Sam's For Play:

You probably don't remember us. I wrote you about two years ago about wheelchair access.

Recently my husband and I have been back at Sam's to eat. The food is good. There is a lot of it. The prices are fair. But, big but there are still some problems. They don't make the experience as good as could be. There is still a parking problem. The parking stall in the corner does not have cross striping and no parking written on the ground. A motorcycle could block you in. Also it is uneven. So when you deploy the ramp it does not lay flat. That creates a problem.

Next, 2 years ago I didn't have a power chair. I could get into the women's restroom. Now, it's really hard because the door is too narrow. Two years ago, I explained how it was a problem for my husband, Daren. He also uses a power chair and gets banged up trying to get in the men's restroom.

Anyway, I told you about these kind of problems two years ago. So I think you need to really look into this and solve the problems. I don't think any are really difficult to do. Don't think they would be costly. You get a lot of seniors and doing this would be good for everyone.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your heads and hands together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access then you will know what to look at and what needs to be done. · Much of the work can be done by a handyman. Also, look into the $10,000 tax credit for providing access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give

me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Irma Ramirez

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

December 15, 2010

Owner of Building
Sam's For Play
1024 Sebastopol Rd.
Santa Rosa, CA 95407

Dear Owner of Building for Sam's For Play:

You probably don't remember us. I wrote you about two years ago about wheelchair access.

Recently my husband and I have been back at Sam's to eat. The food is good. There is a lot of it. The prices are fair. But, big but there are still some problems. They don't make the experience as good as could be. There is still a parking problem. The parking stall in the corner does not have cross striping and no parking written on the ground. A motorcycle could block you in. Also it is uneven. So when you deploy the ramp it does not lay flat. That creates a problem.

Next, 2 years ago I didn't have a power chair. I could get into the women's restroom. Now, it's really hard because the door is too narrow. Two years ago, I explained how it was a problem for my husband, Daren. He also uses a power chair and gets banged up trying to get in the men's restroom.

Anyway, I told you about these kind of problems two years ago. So I think you need to really look into this and solve the problems. I don't think any are really difficult to do. Don't think they would be costly. You get a lot of seniors and doing this would be good for everyone.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your heads and hands together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access then you will know what to look at and what needs to be done. Much of the work can be done by a handyman. Also, look into the $10,000 tax credit for providing access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give

me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Irma Ramirez